IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00127-REB-BNB

BOOKS ARE FUN, LTD.,

    Plaintiff,

v.

JERRY BULLARD,

    Defendant.

---

**ORDER DENYING MOTION TO TRANSFER VENUE
UNDER 28 U.S.C. § 1404**

---

**Blackburn, J.**

The matter before me is defendant's **Motion to Transfer Venue Under 28 U.S.C. § 1404** [#8], filed January 31, 2006.  I deny the motion.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Section 1404(a) contemplates that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The district court is vested with considerable discretion in determining whether transfer is appropriate.  ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515 (10th Cir. 1991).  Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id*. at 1516 (quoting ***Texas Gulf Sulphur Co. v. Ritter***, 371 F.2d 145, 147 (10th Cir. 1967)).  The movant bears the burden of establishing that the existing forum is inconvenient.  *Id*. at 1515.  This is a heavy burden, ***Texas Gulf Sulphur Co.***, 371 F.2d at 148, "'and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed,'" ***Scheidt v. Klein***, 956 F.2d 963, 965 (10th Cir. 1992); *see also **Cargill Inc. v. Prudential Insurance Co. of America***, 920 F.Supp. 144, 146 (D. Colo. 1996).

### III.  ANALYSIS

Defendant argues that transfer to the District Court for the Southern District of Iowa is appropriate based on the pendency of a similar case between plaintiff and other of its former employees in that jurisdiction.  Before addressing that argument, I must first address a more fundamental weakness in defendant's motion.

As noted above, section 1404(a) gives the court discretion to transfer a case "to any other district or division where it might have been brought."  The proposed transferee district thus must be one in which the district court would have had original federal jurisdiction over the action.  *See **Continental Grain Co. v. The FBL-585***, 364 U.S. 19, 21-22, 80 S.Ct. 1470, 1472, 4 L.Ed.2d 1540 (1960); ***Wedelstedt v. Law Offices of Goldstein, Goldstein and Hilley***, 2006 WL 241136 at *4-5 (D. Colo. Jan.

31, 2006) (slip op.)  That determination in turn is governed by the federal venue statute, which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  Although he states that he "believe[s] the court in Iowa has jurisdiction over me" (Def. Motion App., Exh. F at 3, ¶ 9), defendant has made no effort to demonstrate that any of these statutory preconditions of venue are met with respect to the Iowa district court.

Nor does it appear likely that he could.  Defendant does not now, nor does it appear that he has ever, resided in Iowa.  *See* 28 U.S.C. § 1391(a)(1).  Nor does it appear that a substantial part of the events giving rise to plaintiff's claims occurred in Iowa.  *See id*. § 1391(a)(2).  Rather, the complaint alleges that defendant, in contravention of his contractual agreements, solicited plaintiff's employees to work for a competitor.  Defendant allegedly made these contacts while he was an employee of plaintiff residing in Colorado to employees who reside in Washington, California, and Texas.  (*See* Amended Complaint at 5, ¶ 24, at 6, ¶ 27, & at 8, ¶¶ 28 & 30; Def. Motion App., Exh. F at 3, ¶ 8.)  Finally, assuming *arguendo* that defendant might have been subject to personal jurisdiction in Iowa at the time this lawsuit was commenced, a fact that is not at all pellucid from the record, this subsection applies only when "there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a)(3).

Because clearly there is at least one other district in which suit properly could have been filed, this subsection is inapplicable. *See National Occupational Health Services, Inc. v. Advanced Industrial Care*, 50 F.Supp.2d 1111, 1119 (N.D. Okla. 1998) (citing 28 U.S.C.A. § 1391(a)(3), commentary at 11 (West 1993)); *Peripheral Vision Infosystems, Inc. v. Maryville Data Systems, Inc.*, 1999 WL 713966 at *2-3 (D. Kan. Aug. 30,1999).[1]

Nevertheless, even if this suit could have originally been brought in Iowa, defendant has not met his heavy burden of proving that transfer is warranted to that court. Defendant's argument in support of transfer is premised entirely on the tenuous assumption that this case will be consolidated, at least for pretrial purposes, with the pending Iowa action. Defendant has not shown facts sufficient to convince me that consolidation is likely. Although there is commonality between the two actions, the legal issues, parties, and stage of the respective litigations[2] are dissimilar enough that consolidation is not a forgone conclusion.[3] Given the broad discretion governing the district court's decision to grant consolidation, transferring venue based on that

---

[1] Defendant asserts that he will consent to suit in Iowa. (Def. Motion App., Exh. F at 3, ¶ 9.) Although the right to have venue lie in a statutorily defined district can be *lost* by waiver or consent, *see Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 154-55, 84 L.Ed. 167 (1939); *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986), I find no authority for the proposition that such agreement is sufficient to affirmatively *confer* venue in a forum in which venue would not otherwise lie, especially when plaintiff resists transfer and has filed suit in statutorily prescribed district.

[2] The Iowa action was filed more than a year prior to the present action. Although the parties do not specifically so state, it seems likely that discovery is already well underway in that forum.

[3] Moreover, with respect to the factor that weighs most heavily in this analysis – the convenience of witnesses and the ability to compel testimony of unwilling witnesses, *see Cook v. Atchison, Topeka & Santa Fe Railway Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993) – neither Iowa nor Colorado is a more convenient forum, since all the relevant witnesses identified in defendant's motion reside in neither state. In addition, the fact that defendant's documents are not located in this forum is entitled to little weight, as he has not shown that the volume of documents is so substantial that transporting them would be difficult. *See Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925, 931 (E.D. Tex. 1999).

4

5

possibility alone may well do nothing more than shift the burden of inconvenience from one forum to another.  Transfer is not warranted under those circumstances.

## IV.  CONCLUSION

For these reasons, defendant's motion to transfer venue should be denied.

**THEREFORE, IT IS ORDERED** that  defendant's **Motion to Transfer Venue Under 28 U.S.C. § 1404** [#8], filed January 31, 2006, is **DENIED**

Dated March 20, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

5