**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Robert E. Blackburn**

Civil Action No. 06-cv-00127-REB-BNB
BOOKS ARE FUN, LTD.,
Plaintiff,

v.

JERRY BULLARD,
Defendant.

**STIPULATED PROTECTIVE ORDER**

Plaintiff Books Are Fun, Ltd., and Defendant Jerry Bullard, by and through their respective counsel, hereby stipulate as follows:

1.  This Protective Order governs the handling of all Confidential Information (defined below), including documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given, or filed during discovery and other proceedings in this action, including Confidential Information produced, given, or filed prior to the date of this Protective Order. The provisions of this Protective Order shall apply to the parties to this action, and any other person(s) producing or disclosing Confidential Information in this action who agree or who are ordered to be bound by this Protective Order. As used herein, "person" includes both the named parties and third parties who have agreed or have been ordered to be bound by this Protective Order.

2.  "Confidential Information" is defined as follows: trade secrets; sensitive business or financial information; confidential research, development, or commercial information; confidential or private personal information; or other information which, if disclosed, could cause unwarranted damage to the person or entity designating the document as confidential and/or any unwarranted damage to third parties doing business with the parties to this litigation. Any party to this litigation or any third party may designate Confidential Information as "CONFIDENTIAL" under this Order. "Stamped Confidential Information" means any

document which bears the legend (or has otherwise been identified in a reasonably perceptible way) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under this Order.  For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be designated as Stamped Confidential Information, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from information not entitled to protection.

     3.     "CONFIDENTIAL" is defined as follows: Confidential Information designated by any party that the party believes in good faith is sensitive.  Information designated as "CONFIDENTIAL" is so designated by stamping or designating each page of the Confidential Information "CONFIDENTIAL."  The parties may use information designated as "CONFIDENTIAL" solely for the purposes set forth in paragraph 5 below.

     4.     Any party to this Agreement and any third party providing documents pursuant to discovery requests may designate any confidential information document as "CONFIDENTIAL" pursuant to this Agreement.  Should a third party or the adverse party produce documents that are considered by either party to this Agreement as "CONFIDENTIAL," the party may so designate the documents as "CONFIDENTIAL."  Any party objecting to the designation as "CONFIDENTIAL" may at any time seek to change that designation under the process identified in paragraph 6, below.

-3-

5.  Confidential Information designated as "CONFIDENTIAL" may be disclosed to parties; counsel for the parties in this action who are actively engaged in the conduct of this litigation (including the parties' in-house counsel); to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the Confidential Information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Such documents may also be disclosed:

(a) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

(c) to outside consultants or experts retained for the purpose of assisting counsel in the litigation;

provided, however, that in all such cases the individual to whom disclosure is to be made has signed and transmitted to all parties the Confidentiality Agreement attached to this Order. Counsel of record shall maintain copies of all executed Confidentiality Agreements and provide copies to all other counsel. Persons obtaining access to Confidential Information designated as "CONFIDENTIAL" shall use the information only for preparation and trial of this litigation (including hearings, appeals, and retrials), and shall not use such information for any other purpose.

6.     A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion within fourteen (14) business days after the time the notice is received requesting that the Court determine whether the Stamped Confidential Information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL." All pleadings related to such application to the Court must be filed under seal, and during the interim period prior to the Court's ruling, the parties shall treat all Stamped Confidential Information in such motion(s) as "CONFIDENTIAL" under the provisions of this Protective Order. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

7.     The designation of a document, information or deposition as Stamped Confidential Information does not constitute an admission or assertion of any material fact, and

the fact of designation shall not be admissible in any proceeding to show anything about the document or information other than it being subject to this Protective Order. Further, the designation of a document or information as Stamped Confidential Information does not constitute agreement that such material is relevant to the subject matter of this dispute or that it constitutes any trade secret, proprietary, or similar information, nor may it be used as evidence of such. The designation of a document or information as Stamped Confidential Information does not Constitute a waiver of any objection to production or admissibility of such material.

8. A deponent may during a deposition be shown and examined about Stamped Confidential Information if the deponent already knows the Confidential Information contained therein or if the provisions of this Protective Order are complied with and the deponent has signed this Agreement. Deponents shall not retain or copy portions of the transcript of their depositions that contain Stamped Confidential Information not provided by them or the entities they represent unless they sign the Confidentiality Agreement attached to this Order. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially Confidential Information.

9. All depositions in the case shall be "CONFIDENTIAL" for 30 days following receipt of the transcript. Parties (and deponents) may, within 30 days after receiving the transcript of a deposition, designate pages of the transcript (and exhibits thereto) as "CONFIDENTIAL." Such Confidential Information within the deposition transcript shall be designated by a letter to counsel for the other parties in the litigation identifying by page and line number or by exhibit number those portions of the deposition record that are Stamped Confidential Information. All parties will attach a copy of the letter to each copy of the

transcript of the deposition and will appropriately stamp all deposition exhibits not already bearing the appropriate legend.  If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as protected. Parties objecting to the designation of "CONFIDENTIAL" shall follow the procedure set forth in paragraph 8 above.

10. Subject to the Federal Rules of Evidence, Stamped Confidential Information and other Confidential Information may be offered in evidence at trial or any court hearing **in a manner consistent with the requirements of D.C.COLO.LCivR 7.2 and 7.3.** ~~, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.~~

11. Stamped Confidential Information **may be filed with the Clerk of the Court in a manner consistent with the requirements of D.C.COLO.LCivR 7.2 and 7.3.** ~~need not be filed with the clerk except when required by the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped Confidential Information.~~

12. The provisions of this Protective Order shall not terminate at the conclusion of this action.  Within 120 days after final conclusion of all aspects of this litigation, Stamped Confidential Information and all copies of same (other than exhibits of record) shall be returned

-7-

to the party or person that produced such documents (at the producer's expense) or, at the option of the producer, destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the information and not more than 150 days after final termination of this litigation.

13. The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of Stamped Confidential Information.  Parties shall not duplicate any Stamped Confidential Information except working copies and for filing under seal with this Court.

14. Review of stamped Confidential Information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.  The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated December 14, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

-8-

_____   _____
Michael C. Lynch                  Blain D. Myhre
Alison L. MacGregor               Byeongsook Seo
KELLEY DRYE & WARREN, LLP         ISAACSON ROSENBAUM, P.C.
101 Park Avenue                   633 Seventeenth Street, Suite 2200
New York, New York  10178         Denver, Colorado  80202
Telephone:  (212) 808-7800        Telephone:  (303) 292-5656
FAX:  (212) 808-7897              FAX:  (303) 292-3152
Email:       mlynch@kelleydrye.com   Email:       bmyhre@ir-law.com
             amacgregor@kelleydrye.com           bseo@ir-law.com

*Attorneys for Defendant*

AND

Robert J. Zavaglia, Jr.
TREECE, ALFREY, MUSAT & BOSWORTH, P.C.
999 Eighteenth Street, Suite 1600
Denver, Colorado  80202
Telephone:  (303) 292-2700
FAX:             (303) 295-0414
Email:          zavaglia@tamblaw.com

*Attorneys for Plaintiff*

-9-

# CONFIDENTIALITY AGREEMENT

I, _____, hereby certify that on _____ [date], I read the Stipulated Protective Order entered by the Court in the above-captioned action. I further certify that I understand the Order and that I agree to abide by the Order's contents, so long as it remains in effect, by not disclosing information designated as "CONFIDENTIAL" to anyone except as required by order of the Court and except as permitted by the Stipulated Protective Order.

I agree to submit to the jurisdiction of the United States District Court for the District of Colorado for appropriate proceedings and the imposition of sanctions, if ordered by the Court, in the event of a breach of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

Subscribed and sworn to before me this _____ day of _____, 200__.

_____
Notary Public

      [SEAL]